# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**April 12, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 11-1691** (Wood County  09-F-195)

**Glenda Roush,**
**Defendant below, Petitioner**

## MEMORANDUM DECISION

Petitioner Glenda Roush, by counsel Courtney L. Ahlborn, appeals the Circuit Court of Wood County's sentencing order entered November 9, 2011, that sentenced petitioner to not less than one nor more than three years in prison based upon her guilty plea to one count of attempting to obtain possession of a controlled substance by misrepresentation. The State, by counsel, C. Casey Forbes, filed a summary response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted during the September of 2009 term of court on one count of attempting to obtain possession of a controlled substance by misrepresentation, one count of entering without breaking an automobile, and one count of petit larceny.

On November 29, 2010, petitioner pled guilty to one count of attempting to obtain possession of a controlled substance by misrepresentation. Prior to her plea, petitioner had received in-patient services at a substance abuse treatment facility. At the time of her plea, petitioner was an out-patient at that same treatment facility. Following her plea, petitioner was released from custody pending the completion of a pre-sentence report.

Prior to sentencing, petitioner began abusing drugs again in January of 2011. A bench warrant was issued for her arrest and she was taken into custody on March 1, 2011. Petitioner was released from custody on March 29, 2011, when she was admitted into the Cabell County Drug Court program. Petitioner was re-incarcerated from May 31 to June 7, 2011, following a failed drug screen. When petitioner failed yet another drug screen on September 6, 2011, she absconded but was re-arrested on September 16, 2011. Thereafter, her participation in the Cabell County Drug Court program was terminated. Petitioner was sentenced on November 8, 2011, to not less than one nor more than three years in prison, with credit for time served.

1

On appeal, petitioner argues that her sentence violates her constitutional right against cruel and unusual punishment as guaranteed by the Article III, Section 5 of the West Virginia Constitution and the Eighth Amendment of the United States Constitution. Petitioner admits that she has a substance abuse problem and has relapsed from time to time. However, she argues that, while she was participating in the Drug Court Program, she completed many of the tasks required of her. Petitioner seeks another opportunity to attend an inpatient substance abuse program.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011).

Having reviewed the parties' arguments and the record on appeal, we find that the circuit court did not abuse its discretion in sentencing petitioner. Petitioner's sentence fell within the statutory guidelines and she has not argued that her sentence was based on impermissible factors. *See* Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982). Moreover, at the time petitioner was sentenced, she had already attended more than one drug treatment program, had tested positive for drug use on at least two occasions during treatment, and had absconded after testing positive for drug use.

For the foregoing reasons, we affirm the circuit court's order.

Affirmed.

**ISSUED:** April 12, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2